UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION
CIVIL ACTION NO. 1:19-CV-00153-GNS-HBB

ROBERT T. CARROLL                                                                          PLAINTIFF

VS.

TROY YOUNG, *et al.*                                                       DEFENDANTS

## MEMORANDUM, OPINION, AND ORDER

Before the Court is the motion of Plaintiff Robert T. Carroll ("Carroll") for extension of time to complete discovery (DN 49). His motion is construed as being brought pursuant to Fed. R. Civ. P. 16(b)(4) because Carroll seeks to modify the expired deadline for completing pretrial fact discovery which is set out in the fourth Agreed Amended Scheduling Order (*see* DN 34). For the reasons set forth below, Carroll's motion is **DENIED**.

Nature of the Case and Procedural History

On October 23, 2019, Carroll filed this civil rights action, under 42 U.S.C. § 1983, against Defendants Troy Young ("Young"), in his individual capacity and official capacity as a police officer for the City, and the City of Russell Springs, Kentucky ("City") (collectively "Defendants") (DN 1 PageID # 1-4). The Amended Complaint alleges that Carroll was wrongfully arrested and prosecuted on a charge of rape (DN 7 PageID # 41-55). Due to Carroll's inability to make bond he spent 22 months in the Russell County Detention Center awaiting trial (Id.). The Amended Complaint advises that the jury returned a verdict of not guilty following a two-day trial (Id.).

The Amended Complaint alleges that Young, who arrested Carroll on a charge of rape, consented to and participated in the prosecution of Carroll despite being aware that the prosecution's case was based solely on fabricated witness statements that were not supported by DNA evidence obtained through rape kit testing of both the victim and Carroll (Id. at PageID # 41-67). The Amended Complaint asserts that Young failed to "come forward with exculpatory evidence, either prior to trial or during trial, knowingly and recklessly and/or negligently breached his legal and constitutional duties of fundamental fairness to [Carroll] resulting in his being tried for an offense he did not commit, facing possibly 20 years imprisonment if found guilty" (Id. at PageID # 44). The Amended Complaint alleges that the City is responsible for the actions of its employee, Young, as a result of its pattern and practice of: (1) misconduct, including suppressing *Brady* and *Giglio* evidence to secure wrongful prosecutions and convictions; and (2) failure to train, supervise, and discipline police officers for *Brady* and *Giglio* violations (Id. at PageID # 45-67).[1]

The Amended Complaint raises the following claims: (1) violation of Due Process rights; (2) violation of Fourth, Fifth, and Fourteenth Amendment rights; (3) malicious prosecution; (4) supervisory liability; (5) failure to intervene; (6) negligent supervision; (7) respondeat superior; (8) malicious prosecution; (9) intentional or reckless infliction of emotional distress; (10) abuse of process; and (11) negligent infliction of emotional distress (Id. at PageID # 55-67). The Amended Complaint seeks compensatory damages, attorney fees and costs, and punitive damages (Id. at PageID # 67).

The parties conducted their Rule 26(f) planning meeting on February 21, 2020 (DN 13). Shortly thereafter, Defendants propounded written discovery to Carroll (DN 12, 14).

---

[1] Brady v. Maryland, 373 U.S. 83 (1963) and Giglio v. United States, 405 U.S. 150 (1972).

On March 19, 2020, the undersigned issued the original Scheduling Order (DN 15). It established deadlines for: (1) initial disclosures by the parties; (2) moving to join additional parties and amend the pleadings; (3) completing all pretrial fact discovery; (4) disclosure of expert witnesses; (5) completing discovery depositions of expert witnesses; and (6) filing dispositive motions and Daubert motions (Id. at PageID # 95-100).

On September 10, 2020, Defendants moved to compel Carroll to respond to their written discovery (DN 17). The parties subsequently negotiated a resolution which provided Carroll with an extension of time in which to respond (DN 19). On October 2 and 5, 2020, Carroll provided his responses to the written discovery propounded by Defendants (DN 23, 24).

Meanwhile, on September 29, 2020, the parties submitted a proposed agreed order amending the deadlines set forth in the original scheduling order for: (1) moving to join additional parties and amend the pleadings; (2) completing all pretrial fact discovery; (3) disclosure of expert witnesses; (4) completing discovery depositions of expert witnesses; and (5) filing dispositive motions and *Daubert* motions (DN 20 PageID # 114-15). On October 1, 2020, the undersigned signed the first Agreed Amended Scheduling Order (DN 22).

On February 1, 2021, the parties submitted a second proposed agreed order amending the deadlines for: (1) moving to join additional parties and amend the pleadings; (2) completing all pretrial fact discovery; (3) disclosure of expert witnesses; (4) completing discovery depositions of expert witnesses; and (5) filing dispositive motions and Daubert motions (DN 25 PageID # 126-27). On February 2, 2021, the undersigned signed the second Agreed Amended Scheduling Order (DN 26).

On May 6, 2021, Defendants filed a notice to take the deposition of Carroll on July 26, 2021 (DN 28). Apparently, the deposition was not conducted on that date as it was subsequently rescheduled.

On July 15, 2021, the parties submitted a third proposed agreed order amending the deadlines for: (1) moving to join additional parties and amend the pleadings; (2) completing all pretrial fact discovery; (3) disclosure of expert witnesses; (4) completing discovery depositions of expert witnesses; and (5) filing dispositive motions and <u>Daubert</u> motions (DN 29 PageID # 134-35). On the same day, the undersigned signed the third Agreed Amended Scheduling Order (DN 30).

On July 28, 2021, Defendants filed an amended notice to take Carroll's deposition on September 20, 2021 (DN 32). Defendants took Carroll's deposition on September 20, 2021 (DN 47-5).

On February 17, 2022, the parties submitted a fourth proposed agreed order amending the deadlines for: (1) completing all pretrial fact discovery to no later than June 30, 2022; (2) disclosure of expert witnesses by Plaintiff to no later than April 1, 2022, and by Young and the City to no later than June 1, 2022; (3) completing discovery depositions of expert witnesses to no later than November 1, 2022; and (4) filing dispositive motions and <u>Daubert</u> motions to no later than January 15, 2023 (DN 33 PageID # 142-43). On the same date, the undersigned signed the fourth Agreed Amended Scheduling Order (DN 34).

On March 8, 2022, Carroll identified his expert witness (DN 35). On March 18, 2022, Carroll disclosed the report of his expert witness (DN 37).

On May 31, 2022, the parties submitted a fifth proposed agreed order that only amended the deadline for Young and the City to make their expert witness disclosure (DN 38). Specifically,

it required Young and the City to disclose the identity of their expert witness by no later than June 1, 2022, and to provide the expert witness's report by no later than June 20, 2022 (Id.). The undersigned signed the fifth Agreed Amended Scheduling Order on June 2, 2022 (DN 40).

Defendants identified their expert witness on June 1, 2022 (DN 39). They provided the expert witness's report on June 20, 2022 (DN 44).

Meanwhile, on June 16, 2022, the parties submitted a sixth proposed agreed order that only amended the deadline for submitting written discovery requests to the opposing parties (DN 41). Specifically, it indicated that "written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadlines, including but no later than July 30, 2022" (Id.). The undersigned signed the sixth Agreed Amended Scheduling Order on June 21, 2022 (DN 45).

Meanwhile, on June 16, 2022, Carroll served written discovery on Defendants (DN 42, 43). Pursuant to the terms of the sixth Agreed Amended Scheduling Order, Defendants had until July 30, 2022, to file their responses to Carroll's written discovery (DN 45). Defendants served their responses to Carroll's written discovery on July 27, 2022 (DN 46).

On September 2, 2022, Defendants moved for summary judgment (DN 142). On September 23, 2022, Carroll filed his response (DN 48). On September 29, 2022, Defendants filed their reply (DN 51).

Meanwhile, on September 23, 2022, Carroll also filed the current motion for an extension of time to complete discovery (DN 49). Defendants filed an objection (DN 50). Carroll did not file a reply. This matter is ripe for determination.

Carroll's Motion

Carroll seeks no more than a 45-day extension of the deadline for conducting fact discovery so he can take the depositions of the "Defendants' witnesses including the Defendants themselves" to adequately prepare for trial (DN 49 PageID # 352, 355). Carroll explains that "a severe bottleneck was encountered toward the end of June lasting through July and August which prohibited" his counsel from proceeding with scheduling the depositions (Id.). Carroll asserts that while he has been very accommodating when Defendants made similar requests, they have rejected his reasonable request for a 45-day extension of the fact discovery deadline (Id. at 352-57). Carroll asks the Court "to extend him the common courtesy of extending his time to complete discovery" (Id.). Further, Carroll points out that a 45-day extension of the fact discovery deadline will not prejudice Defendants because "discovery depositions of the experts are not scheduled to be completed until a deadline of November 1, 2022," and the dispositive motion deadline is currently January 15, 2023 (Id. at PageID # 356). In support of the motion, Carroll's counsel submits an affidavit discussing the general delays the COVID-19 pandemic caused, his COVID-19 diagnosis on August 19, 2022, his missing work from August 22 through 26, 2022, and his recuperation from COVID-19 in the weeks that followed (DN 49-1 PageID # 358-60).

Defendants' Response

Defendants respond by asserting Carroll's motion should be denied because "[t]he deadline for all parties to complete pretrial fact discovery in this matter was June 30, 2022," and "despite the discovery deadline passing three months ago, Plaintiff now seeks to extend the discovery deadline after Defendants have filed a Motion for Summary Judgment" (DN 50 PageID # 361). They contend regardless of whether Rule 6(b) or Rule 16(b)(4) applies, Carroll must demonstrate "good cause" because his motion seeks to modify a deadline in the Scheduling Order after that

deadline has passed (Id.) (citing Fed. R. Civ. P. 6(b); Fed. R. Civ. P. 16(b)(4); Century Indemnity Co. v. Begley Co., 323 F.R.D. 237, 241 (E.D. Ky. 2018)). Defendants explain to demonstrate "good cause," Carroll must show that the deadline could not reasonably have been met despite due diligence (Id. at PageID # 362). In support of their position that Carroll has not shown the discovery deadline could not reasonably have been met despite due diligence, Defendants point out that Carroll had nearly three years to conduct discovery yet failed to take a single deposition (Id. at PageID # 362-66). Further, while Carroll has identified general delays caused by the pandemic and his counsel's COVID-19 diagnosis in August 2022, these explanations do not explain why Carroll failed to move for a modification of the Scheduling Order before June 30, 2022 (Id.). Defendants also point out that Carroll filed this motion three months after the deadline passed, two months after Defendants denied his request to extend the deadline, and weeks after Defendants filed the Motion for Summary Judgment (Id.). Defendants assert that they have agreed to multiple extensions and amended scheduling orders at the request of Carroll, including Carroll's recent request to amend the fact discovery deadline so he could send out last minute written discovery to Defendants on June 16, 2022 (Id. at PageID # 362-66). Defendants contend they would be prejudiced by a modification of the deadline at this juncture because Carroll has the benefit of knowing the details of their legal arguments and he could tailor further discovery to respond to their Motion for Summary Judgment (Id.).

## Discussion

As Carroll's motion seeks to amend or modify a deadline in the pretrial Scheduling Order, Rule 16(b)(4) applies. See Smith v. Holston Med. Grp., P.C., 595 F. App'x 474, 478 (6th Cir. 2014); Century Indem. Co. v. Begley Co., 323 F.R.D. 237, 240 (E.D. Ky. 2018) (Rule 16(b)(4) governs modifications to scheduling orders). Specifically, Rule 16(b)(4) permits district courts to

amend or modify deadlines in a pretrial scheduling order provided the movant demonstrates "good cause." *See* Fed. R. Civ. P. 16(b)(4); Smith, 595 F. App'x at 478. Thus, the Court will apply the "good cause" standard in Rule 16(b)(4) to Carroll's motion.

The Court will now address the pretrial fact discovery deadline which expired 85 days before Carroll's counsel filed this motion. When a movant seeks to extend or modify a deadline in the scheduling order that has already passed, the Court's assessment of "good cause" focuses on "the moving party's diligence in attempting to meet the case management order's requirements." Inge v. Rock Fin. Corp., 281 F.3d 613, 625 (6th Cir. 2002) (citation and internal quotations omitted); *see also*, Leary v. Daeschner, 349 F.3d 888, 906 (6th Cir. 2003) (Recognizing that "a court choosing to modify the scheduling order upon a showing of good cause, may do so only 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'") (citations omitted). Thus, a movant must show that despite his diligence the deadline in the scheduling order could not have reasonably been met. Woodcock v. Kentucky Dept. of Corr., No. 5:12-CV-00135-GNS-LLK, 2016 WL 3676768, at *2 (W.D. Ky. July 6, 2016); Tschantz v. McCann, 160 F.R.D. 568, 571 (N.D. Ind. 1995).

Another relevant consideration when the deadline has already passed is possible prejudice to the party opposing the modification. Inge, 281 F.3d at 625 (citation omitted). But the Court must first find that the moving party proceeded diligently before considering whether the nonmoving party is prejudiced, and only then to ascertain if there are any additional reasons to deny the motion. Smith, 595 F. App'x at 479. Thus, a movant who fails to show he acted diligently will not be accorded relief under Rule 16(b)(4) merely because the opposing party will not suffer substantial prejudice as a result of the modification of the scheduling order. Interstate Packaging

Co. v. Century Indemnity Co., 291 F.R.D. 139, 145 (M.D. Tenn. Jan. 22, 2013) (citing Leary, 349 F.3d at 906, 909; Korn v. Paul Revere Life Ins. Co., 382 F. App'x 443, 449 (6th Cir. 2010)).

The Court has given a great deal of consideration to the question of whether Carroll has demonstrated diligence in attempting to meet his June 30, 2022, deadline for completing all pretrial fact discovery. The procedural history of the case shows that the original Scheduling Order was entered on March 19, 2020 (DN 15). It also shows that Defendants demonstrated diligence both in pursuing pretrial fact discovery and amending the applicable deadline to ensure completion of their pretrial fact discovery before that deadline expired.

By contrast, the record indicates from March 19, 2020, through June 9, 2022, Carroll did not propound any written discovery or even attempt to take a single deposition. Finally, on June 9, 2022, Carroll's counsel announced the desire to propound written discovery to Defendants (*see* DN 50-2). By then, 812 days had passed since the original Scheduling Order was entered on March 19, 2020 (DN 15). Equally important, pursuant to the fourth Agreed Amended Scheduling Order, the deadline for completing all pretrial fact discovery was June 30, 2022 (DN 33 PageID # 145). Moreover, that Agreed Amended Scheduling Order stated, "[a]ll written discovery requests shall be submitted to the opposing parties so that the due date is in advance of the discovery deadline" (Id.). Thus, Carroll's counsel made his announcement after that deadline for propounding written discovery. Notwithstanding, in the spirit of cooperation and in deference to opposing counsel's eleventh-hour effort to conduct written discovery, defense counsel agreed to a limited extension of the pretrial fact discovery deadline (DN 45).

After the June 30, 2022, deadline for completing pretrial fact discovery had passed, Carroll's counsel asked that defense counsel consent to his taking some depositions (DN 50 PageID # 364). Defense counsel objected as the deadline had already passed and it would subject

9

Defendants to further expense at that point (Id.). Notably, Carroll's counsel did not make a timely request for a joint telephonic conference with the undersigned to address this scheduling dispute (*see* Scheduling Order at DN 15 PageID # 96). Nor did Carroll's counsel file a timely motion asking that he be allowed to take the depositions, even though the pretrial fact discovery deadline had passed.

Carroll's counsel instead remained silent for at least two months, during which time Defendants filed their Motion for Summary Judgement. Finally, on September 23, 2022, Carroll's counsel filed the within motion to extend the pretrial fact discovery deadline so he may conduct depositions of the "Defendants' witnesses including the Defendants themselves" to adequately prepare for trial (DN 49 PageID # 352, 355). In support of this motion, Carroll's counsel has identified general delays caused by the pandemic and merely alluded to encountering a "severe bottleneck" from the end of June through August which prohibited counsel from scheduling the depositions. Carroll's counsel also mentions a battle with and recovery from COVID-19 in late August and early September 2022. Additionally, Carroll's counsel suggests that due to his involvement in the underlying criminal proceedings, he was more prepared for a trial in this civil case and, thus, did not need to do extensive discovery in order to collect evidence for this action (DN 49 PageID # 356).

The above explanations do not explain why Carroll's counsel failed to conduct any depositions during the period March 19, 2020, through June 30, 2022. Due to his purported superior knowledge of the case, counsel should have been able to identify the key fact witnesses and conduct their depositions in a timely manner. Instead, despite his having more than two years to do so, the record shows that Carroll's counsel failed to make any attempt to conduct written discovery or schedule depositions until after his opportunity to do so had expired. Notably, but

for defense counsel's spirit of cooperation and deference to opposing counsel, Carroll would not have been able to even conduct written discovery.

Additionally, the above explanations do not elucidate why, well before the June 30, 2022, deadline expired, Carroll's counsel failed to contact opposing counsel to discuss a modification of the Scheduling Order. Nor do the above explanations make clear why, before the June 30, 2022, deadline expired, Carroll's counsel did not timely request a joint telephonic conference with the undersigned to address the scheduling issue or file a motion to amend the Scheduling Order. For the above reasons, Carroll's counsel has not demonstrated that the June 30, 2022, discovery deadline could not reasonably have been met despite due diligence.

Moving to the time frame July 1st through September 23rd, the above-mentioned explanations by Carroll's counsel do not adequately explain why, in July or August, he could not have requested a joint telephonic conference with the undersigned to discuss the scheduling issue. Instead, Carroll's counsel remained silent until September 23, 2022, when he finally filed this motion to extend the time to conduct depositions (DN 49).

Relatedly, and equally disturbing, Carroll's counsel has merely indicated that he wants to take the depositions of the "Defendants' witnesses including the Defendants themselves" (DN 49 PageID # 352, 355). The failure of Carroll's counsel to specifically identify who he wants to depose precludes assessment of whether a 45-day extension of the pretrial fact discovery deadline is a reasonable request.

Carroll's counsel may have acted diligently in filing the within motion after receiving and reviewing Defendant's Motion for Summary Judgment. But counsel's sudden assiduousness should not be conflated with his lack of diligence in attempting to complete his pretrial fact discovery between March 19, 2020, and June 30, 2022, or in seeking relief after the pretrial fact

11

discovery deadline expired on June 30, 2022. Therefore, the Court will deny Carroll's motion for extension of time to complete discovery.

      **IT IS HEREBY ORDERED** that Plaintiff Robert T. Carroll's motion for extension of time to complete discovery (DN 49) is **DENIED**.

October 21, 2022

                                                H. Brent Brennenstuhl
                                                United States Magistrate Judge

Copies:       Counsel